## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

| | |
|---|---|
| **UNITED STATES OF AMERICA and** )<br>**PEOPLE OF THE VIRGIN ISLANDS** )<br> )<br>v.                              )<br> )<br>**ELVIN WRENSFORD, et al.,**        )<br> )<br>**Defendants.**        )<br>_____) | **Criminal Action No. 2013-0003** |

**Attorneys:**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
**Delia Smith, Esq.,**
St. Thomas, U.S.V.I.
*For the Government*

**Yohana M. Manning, Esq.,**
St. Croix, U.S.V.I.
*For Defendant Elvin Wrensford*

## MEMORANDUM OPINION

**Lewis, District Judge**

This matter comes before the Court on Defendant Elvin Wrensford's "Motion for Change of Venue to St. Thomas" (Dkt. No. 423) and the Government's "Opposition to Motion for Change of Venue." (Dkt. No. 440). For the following reasons, the Court will deny Defendant's Motion.

## I.        FACTUAL AND PROCEDURAL BACKGROUND

On May 10, 2012, Gilbert Hendricks, Jr. ("Hendricks") was shot and killed in the La Grande Princesse area on St. Croix. (Dkt. No. 282 at 72-76). Wrensford, the alleged shooter, and his Co-Defendant Craig Mueller, were ultimately indicted on various charges, including first-degree murder. (Dkt. No. 1).

Beginning on March 9, 2015, Wrensford and Mueller were tried before a jury for the charged offenses in the St. Croix Division of the Court. (Dkt. No. 235). Following a 12-day trial, both Defendants were convicted. Wrensford was convicted of all five counts—first-degree murder and one local weapons charge, as well as three federal firearms charges. (Dkt. No. 248).

On appeal, Wrensford's convictions were vacated based on Fourth Amendment issues and remanded for further proceedings. *United States v. Wrensford*, 866 F.3d 76 (3d Cir. 2017). Thereafter, this Court granted Wrensford's Motion for New Trial on Counts 1 (possession of a firearm in school zone), 2 (using a firearm during a violent crime), 4 (first-degree murder) and 5 (unauthorized possession of a firearm). (Dkt. Nos. 1; 370 at 1-2).

Wrensford thereafter filed a number of motions, including the instant Motion for Change of Venue to St. Thomas. (Dkt. No. 423). In his Motion, Wrensford argues that publicity before and after his first trial, together with the publicity likely to arise before his second trial, makes it unlikely that the Court can find a fair and impartial jury on St. Croix. *Id.* at 3-4. The Government opposes Wrensford's motion, claiming that his arguments regarding prejudicial publicity are conclusory and/or unfounded and speculative. (Dkt. No. 440 at 8-12).

## II.    APPLICABLE LEGAL PRINCIPLES

Wrensford bases his Motion for Transfer on Rule 18 of the Federal Rules of Criminal Procedure,[1] the Fifth Amendment's due process clause, and the Sixth Amendment's guarantee of trial by an impartial jury. (Dkt. No. 423 at 3-4). Wrensford is seeking an intra-district transfer of

---

[1] Rule 18 provides: "[u]nless a statute or these rules permit otherwise, the government must prosecute an offense in a district where the offense was committed. The court must set the place of trial within the district with due regard for the convenience of the defendant, any victim, and the witnesses, and the prompt administration of justice." FED. R. CRIM. P. 18.

his trial from the St. Croix Division to the St. Thomas Division asserting that past and likely future publicity about the crime will make it impossible to obtain a fair and impartial jury on St. Croix.

In this context, a transfer is required only if "the media or other community reaction to a crime or a defendant engenders an atmosphere so hostile and pervasive as to preclude a rational trial process." *Hentzel v. Lamas*, 372 F. App'x 280, 282 (3d Cir. 2010) (citation omitted); *see also United States v. Thomas*, No. 1:2015-cr-039, 2020 WL 3895770, at *5 (D.V.I. July 10, 2020) (applying same standard in motion for new trial based on publicity during the trial). A defendant carries a heavy burden to demonstrate a reasonable likelihood that a fair and impartial trial is unobtainable in the existing locale. *See, e.g., United States v. Livoti*, 196 F.3d 322, 326 (2d Cir. 1999) (defendant failed to show a "reasonable likelihood" that pretrial publicity would prevent a fair trial); *see also United States v. Spence*, No. 2:09-cr-105, 2013 WL 12202652, at *3 (W.D. Pa. July 11, 2013) (defendant made an insufficient showing of prejudice or bias). Mere juror exposure to news accounts of the crime with which the defendant is charged does not, standing alone, deprive the defendant of due process, *Murphy v. Florida*, 421 U.S. 794, 799-800 (1975), and will not be deemed to automatically taint the jury venire. *United States v. Claxton*, 766 F.3d 280, 298 (3d Cir. 2014). Further, juror impartiality does not require ignorance of crimes in the community or the crime at issue. *Skilling v. United States*, 561 U.S. 358, 381 (2010).

In evaluating the likelihood of an unconstitutional taint from pretrial publicity, courts consider the following factors:

> (i) the size and characteristics of the community; (ii) the general content of the news coverage (including facts such as whether the stories referenced the defendant's confession or other similarly blatantly prejudicial information, whether the news

account was factual and objective versus sensational, inflammatory, or slanted toward the prosecution, and whether the stories focus on the defendant personally as opposed to the crime itself); (iii) the timing of the media coverage relative to the commencement of the trial; and (iv) whether there was any media interference with actual courtroom proceedings.

*Altawarh v. Wetzel*, No. 17-cv-1303, 2017 WL 4855858, at *8 (E.D. Pa. Aug. 31, 2017) (citing

*United States v. Diehl-Armstrong*, 739 F. Supp. 2d 786, 793 (W.D. Pa. 2010)). Upon consideration

of these factors, the Court concludes that Wrensford has failed to carry his burden of establishing

that an intra-district change of venue to the St. Thomas Division of the Court is warranted.

### III.    DISCUSSION

In his motion for change of venue, Wrensford focuses on publicity that occurred before

and immediately after his first trial. Wrensford cites to three on-line newspaper articles[2] and two

news releases by the Virgin Islands Police Department (VIPD) issued within 30 days of Hendricks'

death (May and June 2012); one press release issued by the United States Department of Justice—

published on its website—announcing the sentence imposed by the Court following Wrensford's

conviction; and another online article on the VI Consortium's Facebook page about Wrensford's

February 2016 sentencing. (Dkt. No. 423 at 1-3). Wrensford's arguments based on these articles

and news releases fail to carry his burden.

First, noticeably absent from Wrensford's arguments is any basis to conclude that the

articles were inflammatory or unduly sensationalized rather than objective, factual reporting of the

incident and results of the trial and sentencing. Wrensford simply relies on conclusory statements

---

[2] Wrensford refers to one article posted on stthomassource.com and stcroixsource.com. and another article published on triborobanner.com. The latter article is no longer accessible.

devoid of any factual support. *See, e.g.*, Dkt. No. 423 at 7 ("[Media] coverage has concluded that certain events occurred which prohibit a fair retrial on St. Croix."); *id.* ("[T]he alleged homicide occurred years ago and since trial is scheduled to commence in September, the coverage of the previous conviction and forthcoming trial will pollute any potential jurors (*sic*) ability to fairly weigh the evidence in the second trial.") In this regard, Wrensford's argument in support of a change of venue is woefully inadequate.

Second, the Court concludes that the lapse of time between the first trial and the upcoming trial moderates any risk of a negative impact from publicity. As Defendant acknowledges, "the alleged homicide occurred years ago." *Id.* Indeed, the articles and news releases upon which Defendant relies are between six and nine years old. The lapse of time tends to dilute any potential prejudice. *See Flick v. Giroux*, Civ. No. 15-80J, 2018 WL 1381874, at *11 (W.D. Pa. Feb. 26, 2018) (news articles published months and years before criminal trial insufficient to establish presumed prejudice); *Altawarh*, 2017 WL 4855858, at *8 (lapse of time between adverse publicity and trial militates against any presumption of prejudice); *United States v. Matusiewicz*, No. 13-cr-0083, 2015 WL 1069340, at*3 (D. Del. Mar. 10, 2015) (sufficient time had elapsed between the adverse coverage and the projected trial date to permit "cooling off" of any prejudice that may have resulted from prior publicity).

Third, Wrensford acknowledges that there was no media interference with courtroom proceedings during the first trial. (Dkt. No. 423 at 7). Wrensford's assertion that there will continue to be extensive media coverage does not establish that any such coverage will adversely affect the

ability to select an impartial jury in the upcoming trial or cause any interference with the court proceedings.[3]

Finally, it is true that the St. Croix community is small. Indeed, that is the case for the entire Virgin Islands community. Thus, for example, the newspaper publications which Wrensford cites as the source of his arguments for prejudicial pretrial publicity on St. Croix—both online and in print—are readily available to residents of both St. Croix and St. Thomas. Further, news reported in the on-line St. Croix Source is regularly reported in the on-line St. Thomas Source, and well-known individuals on one island are often well-known on the other island.[4] Because of media coverage and other dissemination of information about cases within the small Virgin Islands community, the Court always inquires during voir dire as to whether any prospective jurors have heard, read, or otherwise have any personal knowledge about the case, and if so, whether they have formed any opinions, the nature of any such opinions, and whether they can be fair and impartial. As the Third Circuit has noted, the "relevant question is not whether the community remembered the case, but whether the jurors . . . had such fixed opinions that they could not judge impartially the guilt of the defendant." *Gov't of Virgin Islands v. Riley*, 973 F.2d 224, 227 (3d Cir. 1992)

---

[3] While Wrensford argues that jury selection in the first trial took two days, that time frame is not atypical in this Division, especially in criminal cases involving multiple defendants and multiple serious charges.

[4] Wrensford argues that Hendricks' father is well known for his work with a popular local band as a factor showing the likelihood of prejudice. (Dkt. No. 423 at 2). However, Hendricks Sr.'s band is known throughout the Virgin Islands, not just on St. Croix. (Dkt. No. 440 at 12). In any event, for the reasons stated herein, a change of venue is unwarranted.

(quoting *Patton v. Yount*, 467 U.S. 1025, 1035 (1984)). The prospective jurors in the Wrensford retrial will be subject to such inquiries as well.

For the foregoing reasons, Wrensford has failed to establish that there is a reasonable likelihood that a fair and impartial jury cannot be obtained on St. Croix. Accordingly, his Motion for Change of Venue to St. Thomas will be denied.

An appropriate Order accompanies this Memorandum Opinion.

Date:  July 26, 2021

_____/s/_____
WILMA A. LEWIS
District Judge
